UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case Number: 6:13-cv-00922-GKS-KRS

FREEDOM FROM RELIGION FOUNDATION,
INC., DAN BARKER, ANNIE LAURIE
GAYLOR, AND DAVID WILLIAMSON,

    PlaintiffS,

v.

ORANGE COUNTY SCHOOL BOARD,

    Defendant,

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Orange County School Board ("OCSB" or "Defendant"), by and through its undersigned counsel, files this Answer and Affirmative Defenses to the complaint filed by Plaintiffs, Freedom From Religion Foundation, Inc., Dan Barker, Annie Laurie Gaylor and David Williamson (collectively the "Plaintiffs") stating as follows:

    1.    Defendant admits that it had created a limited public forum however Defendant denies the remaining allegations contained in paragraph 1.

    2.    Defendant denies the allegations contained in paragraph 2.

    3.    Defendant denies the allegations contained in paragraph 3.

    4.    Defendant denies the allegations contained in paragraph 4.

    5.    Defendant admits the allegations contained in the first sentence of paragraph 5. Defendant is without knowledge of the remaining allegations contained in paragraph 5 and therefore denies those allegations.

6. Defendant is without knowledge of the allegations contained in paragraph 6 and therefore denies those allegations.

7. Defendant is without knowledge of the allegations contained in paragraph 7 and therefore denies those allegations.

8. Defendant is without knowledge of the allegations contained in paragraph 8 and therefore denies those allegations.

9. Defendant is without knowledge of the allegations contained in paragraph 9 and therefore denies those allegations.

10. Defendant is without knowledge of the allegations contained in paragraph 10 and therefore denies those allegations.

11. Defendant denies the allegations contained in paragraph 11.

12. Defendant denies the allegations contained in paragraph 12.

13. Defendant admits the allegations contained in paragraph 13.

14. Defendant denies the allegations contained in paragraph 14.

## Jurisdiction and Venue

15. Defendant admits the allegations contained in paragraph 15 for venue and jurisdictional purposes only.  Defendant denies these allegations for all other purposes.

16. Defendant admits that Plaintiffs seek declaratory relief.

17. Defendant admits that venue is proper.

## Facts & Allegations

18. Defendant admits the allegations contained in paragraph 18.

19. Defendant admits the allegations contained in paragraph 19.

20. Defendant denies the allegations contained in paragraph 20 to the extent those allegations are inconsistent with exhibits K and L to the Complaint.

21. Defendant admits the allegations contained in paragraph 21.

22. Defendant admits that Bibles were distributed by WCF; however Defendant denies the remaining allegations contained in paragraph 22.

23. Defendant denies the allegations contained in paragraph 23 but admits it did not read the WDF NIV Bible.

24. Defendant denies the allegations contained in paragraph 24 as phrased but admits that the Bibles were passively distributed in certain public schools.

25. Defendant is without knowledge of the allegations of paragraph 25 and therefore denies those allegations.

26. Defendant admits that the letter attached as exhibit D was sent to Defendant; Defendant denies the allegations of paragraph 26 to the extent those allegations are inconsistent with exhibit D to the Complaint.

27. Defendant admits that exhibit E was sent by its counsel to Plaintiffs' counsel; Defendant denies the allegations contained in paragraph 27 to the extent extent those allegations are inconsistent with exhibit E to the Complaint.

28. Defendant admits that exhibit E, the January 22 letter, was sent by Defendant's counsel to Plaintiffs' counsel.  Defendant denies the allegations contained in paragraph 28 to the extent those allegations are inconsistent with exhibit E to the Complaint.

29. Defendant admits the allegations contained in paragraph 29 but denies that by practice it follows the Collier County Consent Decree.

30. Defendant denies the allegations contained in paragraph 30 to the extent that they are inconsistent with exhibit F to the complaint.

31. Defendant admits the allegations of paragraph 31.

32. Defendant admits that Plaintiffs submitted certain material to Defendant's counsel for approval and for review.

33. Defendant admits the allegations contained in paragraph 33.

34. Defendant is without knowledge of the allegations contained in paragraph 34 and therefore denies those allegations.

35. Defendant admits that Plaintiff voluntarily rescinded materials.

36. Defendant denies the allegations contained in paragraph 36.

37. Defendant admits that certain materials were not approved for distribution. Defendant denies the remaining allegations contained in paragraph 37.

38. Defendant denies the allegations contained in paragraph 38.

39. Defendant admits that certain materials were approved for distribution. Defendant denies the remaining allegations contained in paragraph 39.

40. Defendant admits that certain materials were legally and appropriately not approved. Defendant denies the remaining allegations of paragraph 40.

41. Defendant admits that the letters attached as exhibits C and B were sent between the parties counsel. Defendant denies the allegations contained in paragraph 41 to the extent those allegations are inconsistent with exhibits C and B.

42. Defendant denies the allegations contained in paragraph 42.

43. Defendant denies the allegations contained in paragraph 43 to the extent they are inconsistent with exhibit A to the Complaint.

44. Defendant denies the allegations contained in paragraph 44.

45. Defendant denies the allegations contained in paragraph 45 to the extent they are inconsistent with exhibit A to the Complaint.

46. Defendant denies the allegations contained in paragraph 46 to the extent those allegations are inconsistent with exhibit H to the Complaint.

47. Defendant admits the allegations contained in paragraph 47.

48. Defendant denies the allegations contained in paragraph 48.

49. Defendant admits the allegations contained in paragraph 49 to the extent that some content was excluded or prohibited from distribution based upon one of the alleged reasons.

50. Defendant denies the allegations contained in paragraph 50.

51. Defendant denies the allegations contained in paragraph 51.

52. Defendant denies the allegations contained in paragraph 52.

53. Defendant denies the allegations contained in paragraph 53.

54. Defendant denies the allegations contained in paragraph 54.

55. Defendant denies the allegations contained in paragraph 55.

56. Defendant denies the allegations contained in paragraph 56 to the extent those allegations are inconsistent with exhibit A to the Complaint.

57. Defendant denies the allegations contained in paragraph 57.

58. Defendant denies the allegations contained in paragraph 58 to the extent those allegations are inconsistent with exhibit A to the Complaint.

59. Defendant denies the allegations contained in paragraph 59.

60. To the extent Plaintiffs are making legal argument in paragraph 60, Defendant denies the legal argument as it relates to the facts of this case.

61. Defendant denies the allegations contained in paragraph 61.

62. To the extent Plaintiffs are making legal argument in paragraph 62, Defendant denies the legal argument as it relates to the facts of this case.

63. Defendant denies the allegations contained in paragraph 63.

64. Defendant denies the allegations contained in paragraph 64.

65. Defendant denies the allegations contained in paragraph 65.

66. Defendant denies the allegations contained in paragraph 66.

67. Defendant denies the allegations contained in paragraph 67 except that Defendant admits the emails referenced therein were sent.

68. Defendant is without knowledge of the allegations contained in paragraph 68 and therefore denies those allegations.

**Count I: Violation of Freedom of Speech Under the First Amendment to the United States Constitution**

69. Defendant realleges and reincorporates its responses to the allegations contained in paragraphs 1 through 68 above as if fully set forth herein.

70. Defendant denies the allegations contained in paragraph 70.

71. Defendant denies the allegations contained in paragraph 71.

72. Defendant denies the allegations contained in paragraph 72.

73. Defendant denies the allegations contained in paragraph 73.

74. Defendant denies the allegations contained in paragraph 74.

75. Defendant denies the allegations contained in paragraph 75.

76. Defendant denies the allegations contained in paragraph 76.

77. Defendant denies the allegations contained in paragraph 77.

78. Defendant denies the allegations contained in paragraph 78.

79. Defendant denies the allegations contained in paragraph 79.

## Count II: Violation of Equal Protection Under the Fourteenth Amendment to the United States Constitution

80. Defendant realleges and reincorporates its responses to the allegations contained in paragraphs 1 through 79 above as if fully set forth herein.

81. As a statement of law Defendant generally admits the allegations contained in paragraph 81.

82. Defendant denies the allegations contained in paragraph 82.

83. Defendant denies the allegations contained in paragraph 83.

84. Defendant denies the allegations contained in paragraph 84.

85. Defendant denies the allegations contained in paragraph 85.

86. Defendant denies the allegations contained in paragraph 86.

87. Defendant denies the allegations contained in paragraph 87.

88. Defendant denies the allegations contained in paragraph 88.

89. Defendant requests a denial of all requested relief.

## AFFIRMATIVE DEFENSES

Defendant, Orange County School Board ("OCSB" or "Defendant"), by and through its undersigned counsel files its Affirmative Defenses to Plaintiffs' Complaint and states as follows:

1. Plaintiffs' Complaint fail to state a cause of action.

2. Defendant did not discriminate based on viewpoint.

3. Defendant in good faith relied upon advice of counsel.

4. There is no policy, procedure or custom in place, or decision made by a final decision maker or any of the board members that would subject the Defendant to liability.

5. Plaintiffs have no standing as they have no injury in fact.

6. There is no casual connection between the action of Defendant and Plaintiffs' injury and the alleged injury will not be redressed by a favorable decision.

7. To the extent that any materials were prohibited from distribution, that was done consistent with Supreme Court precedent in that items that were excluded were inappropriate for the age of the students, would have had a substantial likelihood of disruption, contained solicitation, or were obscene or defamatory. Further the materials could polarize students and be disruptive in an educational setting.

8. The decisions made to prohibit certain materials were reasonable in light of the purpose served by the limited public forum.

9. Plaintiffs' sole purpose for bringing this action is an effort to coerce Defendant to close the limited public forum and the passive distribution of Bibles in the limited public forum. To the extent Plaintiffs' purpose was to express a viewpoint the materials presented, permitted and distributed explained Plaintiffs' viewpoint. Any materials that were not permitted were excluded solely on the basis of content, which content was inappropriate to be distributed in this limited public forum.

WHEREFORE, for the foregoing reasons, Defendant, Orange County School Board, requests that this Court deny Plaintiffs any relief and award the Orange County School Board all costs and attorneys' fees as may be appropriate and just under the circumstances.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of August, 2013, a true and correct copy of the foregoing was filed with the Clerk of Court pursuant to Administrative Procedures for Electronic Filing in Civil and Criminal Cases of this Court by using the CM/ECF system which will send notice of electronic filing and complete service of the foregoing as required by

Fed.R.Civ.P. 5 to **Jerry H. Jeffrey, Esquire** *(sam1027j@aol.com)*, Jerry H. Jeffery, P.A., Post Office Box 947537, Maitland, Florida 32794; **Steven M. Brady, Esquire** *(steven@bradylaw.us)*, The Brady Law Firm, P.A., 7380 W. Sand Lake Road, Suite 500, Orlando, Florida 32819*;* and **Andrew L. Seidel, Esquire** *(aseidel@ffrf.org)*, Post Office Box 750, Madison, WI 53701.

*/s/ Howard S. Marks*
**HOWARD S. MARKS**
Florida Bar Number: 0750085
Email:  hmarks@burr.com
Secondary Email:  dmmorton@burr.com
Secondary Email:  mrannells@burr.com
**BURR & FORMAN LLP**
200 South Orange Avenue, Suite 800
Orlando, Florida 32801
Telephone:  (407) 540-6600
Facsimile:  (407) 540-6601
*Counsel for Defendant*