UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case Number:  6:13-cv-00922-GKS-KRS

FREEDOM FROM RELIGION FOUNDATION,
INC., DAN BARKER, ANNIE LAURIE
GAYLOR, AND DAVID WILLIAMSON,

      Plaintiffs,

v.

ORANGE COUNTY SCHOOL BOARD,

      Defendant.

_____/

## MOTION TO STRIKE OR DISREGARD DECLARATION OF DANIEL KOSTER IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND INJUNCTIVE, DECLARATORY AND OTHER RELIEF (Dkt. 43-1)

Defendant, Orange County School Board files this Motion to Strike or Disregard Declaration of Daniel Koster, respectfully showing the Court as follows:

### I.    INTRODUCTION

In support of its Reply to OCSB's Response to the Plaintiffs' Motion for Summary Judgment and Injunctive, Declaratory and Other Relief, Plaintiffs filed the Declaration of Daniel Koster (the "Koster Declaration"). As shown below, the Koster Declaration is untimely under the Federal Rules of Civil Procedure and the Court's Local Rules because it was filed well-after the Plaintiffs' Motion for Summary Judgment and Injunctive, Declaratory and Other Relief. Additionally, there is no valid reason that Plaintiffs failed to file the Koster Declaration with the Plaintiffs' Motion for Summary Judgment and Injunctive, Declaratory and Other Relief, and the delay in presenting the matters in the Koster Declaration deprived OCSB of the opportunity to investigate the matters in it and OCSB is unable to respond to it or present evidence to rebut it.

As a result, the Court should strike the Koster Declaration from the record in this action and consider only the evidence properly submitted with or before the Plaintiffs' Motion for Summary Judgment and Injunctive, Declaratory and Other Relief in ruling on that Motion.

## II.    BACKGROUND

Plaintiffs filed their Plaintiffs' Motion for Summary Judgment and Injunctive, Declaratory and Other Relief on May 12, 2014 (Dkt. 36). Thereafter, on May 13, 2014, this Court entered its Milburn Order directing the filing of responsive briefs and permitting a reply brief after the response was filed. (Dkt. 38). The Milburn Order did not permit the filing of affidavits or declarations with the response. (Dkt. 38). On June 24, 2014, Plaintiffs filed their Plaintiffs' Reply in Support of Motion for Summary Judgment and the Koster Declaration. (Dkt. 43, 43-1). Plaintiffs filed the Koster Declaration many weeks after filing the Plaintiffs' Motion for Summary Judgment and Injunctive, Declaratory and Other Relief. The Koster Declaration was filed well-after OCSB filed its response brief. Yet, Plaintiffs did not request or obtain the Court's permission to untimely file the Koster Declaration, nor did they offer any explanation for why the Declaration was not filed with the Plaintiffs' Motion for Summary Judgment and Injunctive, Declaratory and Other Relief. No Local Rule or Court order permits an affidavit or declaration to be filed with a reply brief, and OCSB's opposition to the Plaintiffs' Motion for Summary Judgment and Injunctive, Declaratory and Other Relief was obviously prepared without the benefit of considering any of the matters in the untimely Koster Declaration.

## III.    ARGUMENT AND CITATION OF AUTHORITY

The Koster Declaration is untimely under the Federal Rules of Civil Procedure and this Court's Local Rules. Fed. R. Civ. P. 6(c)(2) provides that "[a]ny affidavit supporting a motion *must be served with the motion.*" (emphasis added). Thus if allegations of fact are relied upon,

supporting affidavits must be attached to the memorandum of law unless the Court, for good cause shown, permits filing of additional affidavits. *RepublicBank Dallas v. First Wis. Nat'l Bank of Milwaukee*, 636 F. Supp. 1470, 1472 (E.D. Wis. 1986)). Because the Koster Declaration violates Fed. R. Civ. P. 6(c)(2) and Plaintiffs have not shown good cause, the Court should strike it and refuse to consider it in ruling upon Plaintiffs' Motion for Summary Judgment and Injunctive, Declaratory and Other Relief. *See generally* LR 3.01 and LR 4; Milburn Order (Dkt. 38).

The purpose of Rule 6(c)(2) of the Federal Rules of Civil Procedure is "to prevent the moving party from springing new facts on the nonmoving party 'when it is too late for that party to contest them.'" *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 476 (6th Cir. 2002) (quoting *RepublicBank Dallas v. First Wis. Nat'l Bank of Milwaukee*, 636 F. Supp. 1470, 1472 (E.D. Wis. 1986)). Thus, where the moving party submits a supporting declaration after filing the motion to which it relates, numerous federal courts have held that fairness dictates that the court strike the declaration from the record, especially where "[t]he [moving party's] belated filing deprived the [nonmoving party] of a meaningful opportunity to respond to the information contained in [it]." *See National Union Fire Ins. Co. of Pittsburgh, PA v. Continental Carbon Co.*, No. 4:10-cv-2379, 2012 WL 43604, at *12 (S.D. Tex. Jan. 9, 2012), *aff'd*, 517 F. App'x 269 (5th Cir. 2013); *see also McMahan Jets, LLC v. X-Air Flight Support, LLC*, No. 2:10-cv-175, 2012 WL 5606635, at *9 (S.D. Miss. Nov. 15, 2012) ("Rule 6 of the Federal Rules of Civil Procedure requires any affidavit supporting a motion to be served with the motion. Plaintiffs filed two affidavits in support of the Motion . . . as exhibits to its Rebuttal. Plaintiffs did not seek leave to file these affidavits out of time. Therefore, Plaintiffs failed to comply with Rule 6(c)(2) in filing the affidavits with its Rebuttal") (internal citations omitted); *Elbanna v. Captain D's, LLC*, No. 3:07-

cv-926, 2009 WL 435051, at *12 n.8 (M.D. Fla. Feb. 17, 2009) (granting plaintiff's motion to strike untimely affidavits filed after plaintiff had already submitted response in opposition to defendant's motion).

For example, in *National Union Fire Insurance Co. of Pittsburgh, PA v. Continental Carbon Co.*, the defendant filed a declaration in support of the defendant's motion approximately five weeks after filing the motion. *See National Union Fire Ins. Co. of Pittsburgh, PA v. Continental Carbon Co.*, No. 4:10-cv-2379, 2012 WL 43604, at *12 (S.D. Tex. Jan. 9, 2012), *aff'd*, 517 F. App'x 269 (5th Cir. 2013). As a result, the plaintiff moved to strike the defendant's declaration because it was untimely. *Id.* Noting that the defendant's declaration "was filed five weeks after its motion, and without leave of the Court," the district court agreed. *Id.* In particular, the district court explained that because the plaintiff had already submitted its response to the defendant's motion before the defendant filed the declaration, "[t]he defendant's belated filing deprived the plaintiff of a meaningful opportunity to respond to the information contained in the . . . declaration." *Id.* Citing Fed. R. Civ. P. 6(c)(2) and Rule 7.7 of the court's local rules, the district court held that the defendant's declaration was untimely, and granted the plaintiff's motion to strike it from the record.[1]

In this case, Plaintiffs waited until after OCSB filed its response brief before filing the Koster Declaration in support, thereby assuring that OCSB would have no ability to respond or read it before responding to the Plaintiffs' Motion for Summary Judgment and Injunctive,

---

[1] *See also Kunkle v. Ohio Dep't of Rehab. & Correction*, No. 1:09-cv-1760, 2010 WL 2759942, at *1 n.2 (N.D. Ohio July 13, 2010) (denying motion to amend motion for preliminary injunction to assert new affidavit in part because "'[a]ny affidavit supporting a motion must be served with the motion'" (quoting Fed. R. Civ. P. 6(c)(2))); *Smith v. Lab Corp. of Am., Inc.*, No. 4:09-cv-284, 2009 WL 3872042, at *3 (D. Idaho Nov. 17, 2009) (stating that "[o]bviously . . . [the moving party] may not be allowed to achieve any evidentiary advantage by waiting until after [the nonmoving party's] response to file her affidavit," and granting motion to strike affidavit under Fed. R. Civ. P. 6(c)(2)).

Declaratory and Other Relief. The matters alleged in the Koster Declaration are not things that Plaintiffs needed to procure from OCSB in discovery in this case, nor are they matters which Plaintiffs obtained from OCSB. Plaintiffs and their counsel were likely already in possession of the matters proffered in the Koster Declaration when they filed their Plaintiffs' Motion for Summary Judgment and Injunctive, Declaratory and Other Relief. The information in the Koster Declaration is not newly discovered evidence and as such could have been raised in conjunction with the arguments in the Plaintiffs' Motion for Summary Judgment and Injunctive, Declaratory and Other Relief. Plaintiffs have offered no reason for failing to submit the matters in the Koster Declaration when they filed Plaintiffs' Motion for Summary Judgment and Injunctive, Declaratory and Other Relief. Plaintiffs' withholding of evidence for support of their Plaintiffs' Motion for Summary Judgment and Injunctive, Declaratory and Other Relief until after OCSB's response to the Motion was due has caused OCSB obvious prejudice and should not be rewarded.

Plaintiffs deprived OCSB of any meaningful opportunity to respond to the new allegations of fact contained in the Koster Declaration. As shown above, "[t]his is precisely the kind of trial by ambush" that Rule 6(c)(2) "summarily reject[s]." *See Tishcon Corp. v. Soundview Communications, Inc.*, 2005 WL 6038743, *8-9 (N.D. Ga. February 15, 2005). Thus, as numerous federal courts have done in similar cases, the Court should strike the Koster Declaration and refuse to consider it in ruling upon Plaintiffs' Plaintiffs' Motion for Summary Judgment and Injunctive, Declaratory and Other Relief.

## IV.    CERTIFICATION

Pursuant to Middle District Local Rule 3.01(g), Defendant's Counsel has consulted with Plaintiffs' Counsel and could not reach an agreement as to the relief sought in this Motion.

## V.   CONCLUSION

For the foregoing reasons, this Court should strike or disregard the Declaration of Daniel Koster in connection with the Plaintiffs' Motion for Summary Judgment and Injunctive, Declaratory and Other Relief.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _27th_ day of June, 2014, a true and correct copy of the foregoing was filed with the Court by using the CM/ECF system which will send notice of electronic filing and complete service of the foregoing as required by Fed.R.Civ.P. 5 to **Jerry H. Jeffrey, Esquire** (*sam1027j@aol.com*), Jerry H. Jeffery, P.A., Post Office Box 947537, Maitland, Florida 32794; **Steven M. Brady, Esquire** (*steven@bradylaw.us*), The Brady Law Firm, P.A., 7380 W. Sand Lake Road, Suite 500, Orlando, Florida 32819; and **Andrew L. Seidel, Esquire** (*aseidel@ffrf.org*), Post Office Box 750, Madison, WI 53701.

_____
**HOWARD S. MARKS, ESQUIRE**
Florida Bar Number: 0750085
Email: hmarks@burr.com
Secondary Email: dmmorton@burr.com
Secondary Email: mrannells@burr.com
**LISA J. GEIGER, ESQUIRE**
Florida Bar Number: 0543594
Email: lgeiger@burr.com
**BURR & FORMAN LLP**
200 South Orange Avenue, Suite 800
Orlando, Florida 32801
Telephone:   (407) 540-6600
Facsimile:   (407) 540-6601
*Attorneys for Defendant*