UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FREEDOM FROM RELIGION FOUNDATION,
INC., DAN BARKER, ANNIE LAURIE
GAYLOR, AND DAVID WILLIAMSON,        Case No. 6:13-cv-00922

    Plaintiffs

v.

ORANGE COUNTY SCHOOL BOARD,

    Defendant
_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE OR DISREGARD DECLARATION OF DANIEL KOSTER**

Plaintiffs, by and through their undersigned counsel, hereby file the following Response in Opposition to Defendant's Motion to Strike or Disregard the Declaration of Daniel Koster in Support of Plaintiffs' Motion for Summary Judgment [Doc. 44], and state as follows:

**INTRODUCTION**

Courts consistently allow reply affidavits and declarations to rebut new facts and arguments raised in opposing responses.  Plaintiffs submitted a declaration—containing facts about which Defendant had knowledge—with their reply to address new facts and arguments raised in Defendant's summary judgment response and accompanying affidavit.  Accordingly, the Court should allow Plaintiffs' reply declaration rebutting Defendant's counter-arguments and newly-submitted facts

The Federal Rules of Civil Procedure and courts allow the parties to file affidavits and

1

declarations[1] with their replies for several reasons. This Court should consider Plaintiffs' reply declaration because: (1) Plaintiffs filed the declaration to rebut new facts and new arguments raised by Defendant, (2) the declaration is not unfair or prejudicial to Defendant, and (3) it serves the judicial economy interests of the Court.

## ARGUMENT

### I.   The Federal Rules allow reply affidavits and declarations.

The Koster Declaration is not untimely under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 6(c)(2). Nothing in the text of Rule 6[2] prohibits reply affidavits.[3] Local rules may authorize reply declarations and affidavits. *See, e.g.*, *Clinkscales v. Chevron U.S.A., Inc.*, 831 F.2d 1565, 1568 n.8 (11th Cir. 1987) (noting that the local rule clearly allows reply briefs with supplemental affidavits). The Middle District of Florida's local rules do not mention, let alone prohibit, reply affidavits. The Southern District's local rules allow reply affidavits: "[a]ll materials in support of any motion, response, or reply, including affidavits and declarations, shall be served with the filing."[4]

The broad structure of Rule 6 has made reply affidavits common practice.[5] Courts have

---

[1] For simplicity these will be jointly referred to as affidavits.

[2] FED. R. CIV. P. 6(c)(2) used to be 6(d) until the 2009 amendments so this brief will refer to them as Rule 6.

[3] *See Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 318 (7th Cir. 2003) (noting reply affidavits are not prohibited); *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991), *rev'd on other grounds*, 967 F.2d 742 (2d Cir. 1992) (noting Rule 6's silence on reply affidavits while discussing supporting and opposing affidavits.).

[4] *See* Local Rule 7.1(c), S.D. Fla.; *Morrison v. Quality Transps. Servs., Inc.,* 474 F. Supp. 2d 1303, 1313–14 (S.D. Fla. 2007).

[5] *Krause v. Buffalo & Erie Cnty. Workforce Dev. Consortium, Inc.*, 426 F. Supp. 2d 68, 91 (W.D.N.Y. 2005) (court relied on and frequently cited defendant's reply affidavit rebutting statements made opposing summary judgment); *McCulley v. Allstates Technical Services*, No.

the power to accept reply affidavits and routinely do so.[6]

Clearly, Rule 6 is not as "hard and fast" as Defendant would have this Court believe.[7] Given that flexibility, the purpose underlying the rule is important.

The main purpose of the rule is "to avoid unfair surprise and permit the court to resolve motions on the merits." *Kershner v. Norton*, No. 02-1887(RMU), 2003 WL 2190605 (D.D.C. Aug. 14, 2003) (holding that "the court did not err by relying on the Defendant's reply affidavit") (citing *McGinnis v. Se. Anesthesia Assocs.*, 161 F.R.D. 41, 42 (W.D.N.C.1995)). Therefore, reply affidavits and declarations are acceptable if they address matters initiated by the response or if they do not unfairly surprise Defendant and add to the court's ability to

---

Civ.A. 04-0115-WS-B, 2005 WL 1475314, at *9 n. 24 (S.D. Ala. June 21, 2005) (citing to reply affidavit); *Thornton v. Mercantile Stores Co.*, 13 F. Supp. 2d 1282, 1284 n.1 (M.D. Ala. 1998) (allowing reply affidavit and noting "that attaching evidence to reply briefs is a routine practice in federal courts, and that the evidence filed proffers no new legal grounds or new evidence").

[6] *Allen v. Figuera*, 416 Fed. Appx. 771, 775 (10th Cir. 2011) (district court did not abuse its discretion in accepting supplemental affidavit, even though it was not served with motion); *Woods v. Allied Concord Fin. Corp.*, 373 F.2d 733, 734 (5th Cir. 1967) (it is within the discretionary power of the court to allow the filing of opposing affidavits on the day of the hearing of the motion for summary judgment); *Jackson v. United Airlines, Inc.*, 2009 WL 1036068, at *3 (E.D. Va. 2009) ("Pursuant to Federal Rule of Civil Procedure 6(c)(2), a court has the discretion to permit a party to file an affidavit opposing a motion for summary judgment after the deadlines proscribed by Federal and Local Rule."); *Nestle Co., Inc. v. Chester's Market, Inc.*, 571 F. Supp. 763, 772 (D. Conn. 1983) (filing reply affidavits is solely within the court's discretion (citing cases)).

[7] *See Herron v. Herron*, 255 F.2d 589, 593 (5th Cir. 1958) (observing that [Rule 6], is "not a hard and fast rule"); *O'Brien v. Ed Donnelly Enters., Inc.*, No. 2:04-CV-00085, 2007 WL 4510246, at *11 (S.D. Ohio Dec. 18, 2007), *rev'd on other grounds*, Nos. 07-4550, 08-3184, 2009 WL 2382437 (6th Cir. Aug. 5, 2009) ("Because the [Reply] Affidavit is responsive to issues raised in the Plaintiff's memorandum in opposition, [Rule 6] does not render the affidavit untimely."); *Olsen v. Marshall & Ilsley Corp.*, No. 99-C-0774-C, 2000 WL 34233699, at *1 (W.D. Wis. Sept. 7, 2000), *aff'd*, 267 F.3d 597 (7th Cir. 2001) ("[Rule 6] is not a rigid rule without exceptions; courts are given wide discretion to accept affidavits beyond the date the motion is filed." (citing *Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1523 n.9 (10th Cir. 1994)).

determine the merits.[8]

In this case, Plaintiffs' reply declaration addresses new matters Defendant raised in its response. The reply declaration is not an attempt to "sandbag" or ambush Defendant with new evidence; indeed, it even contains facts from the complaint and about which Defendant was aware.

## II. This Court should consider Plaintiffs' reply declaration because it rebuts new facts and new arguments raised by Defendant.

Reply affidavits should be considered under Rule 6 if they address new matters non-movants raise opposing a motion.[9] Courts, including the Southern District of Florida, have considered reply affidavits addressing matters raised in opposition: "[t]he movant may serve a reply memorandum with affidavits, declarations, or other materials provided that all such materials are strictly limited to rebuttal of matters raised in the opposing memorandum." *Morrison*, 474 F. Supp. 2d at 1314 (citing local rules); *see also Del Istmo Assur. Corp. v.*

---

[8] *Hammons v. Computer Programs & Systems*, *Inc. (CPSI)*, 2006 WL 3627117, at *14 (S.D. Ala. 2006) (nothing prohibits affidavits from being filed without motion if they are used to rebut arguments in opponent's brief); *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 635, 636 (D. Kan. 2005) (finding that affidavits that support a reply may be filed when the affidavit addresses matters raised in the opposition brief, since this fulfills Rule 6's purpose of avoiding unfair surprise and denying the motion to strike the affidavit). *See also Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F. Supp. 492, 495 (S.D.N.Y. 1990), *vacated on other grounds*, 739 F. Supp. 209 (S.D.N.Y. 1990) (allowing moving party to submit reply papers to avoid giving an unfair advantage to the answering party who argued previously unforeseen issues).

[9] *See Tishcon Corp. v. Soundview Commc'n, Inc.*, No. 1:04-CV-524-JEC 2005, WL 6038743, at *8 (N.D. Ga. Feb. 15, 2005); *see also Smith v. Burns Clinic Med. Ctr.*, P.C., 779 F.2d 1173, 1175 n.6 (6th Cir. 1985) (need to address claims in opposition to summary judgment validates reply affidavits); *Morrison*, 474 F. Supp. 2d at 1314 (denying a motion to strike supplemental affidavits when filed to rebut summary judgment opposition); *Kershner*, 2003 WL 21960605, at *2 ("[A] reply affidavit is appropriate when it addresses matters raised in the opposition. This fulfills [Rule 6's] purpose to avoid unfair surprise and permit the court to resolve motions on the merits.") (citations omitted).

*Platon*, 11-61599-CIV, 2011 WL 5508641, at 4 n.4 (S.D. Fla. Nov. 9, 2011) (holding the same and denying a sur-reply because the reply affidavits rebutted issues raised in opposition); *Giglio Sub S.N.C. v. Carnival Corp.*, 12-21680-CIV, 2012 WL 4477504 (S.D. Fla. Sept. 26, 2012) *aff'd*, 523 F. App'x 651 (11th Cir. 2013) ("A significant difference exists . . . between new arguments and evidence, on the one hand, and rebuttal arguments and evidence, on the other.").

In *Burger King Corp. v. Ashland Equities, Inc.*, the court found that a party's use of a reply declaration appropriately rebutted the other party's arguments and therefore refused to strike it. 217 F. Supp. 2d 1266, 1280–81 (S.D. Fla. 2002) (positively cited in *Giglio*, 2012 WL 4477504, at *2).[10]

Defendant raised three new matters in its opposing response; it is only fair that Plaintiffs have an opportunity to rebut those matters.

First, Defendant claims several times that "a formal re-review of the Bible was not necessary because OCSB had prior knowledge of the contents of the Bible."[11]  Koster's

---

[10] *See also Litton Indus. Inc.*, 767 F. Supp. at 1234-35 (rejecting a Rule 6 argument that an affidavit submitted with the moving party's reply was untimely). The *Litton* court noted that Rule 6 addressed supporting and opposing affidavits, but held that the rule's silence as to reply affidavits allowed reply affidavits when they address new material issues raised in the opposition, so as to avoid giving unfair advantage to the answering party. *Id.* at 1235 (citing *Travelers Ins.,* 735 F.Supp. at 495). The reply affidavit responded to matters asserted in opposition so the court held that it should be considered. *Id.* Other courts agree. *See, e.g.*, *Bayway Ref. Co. v. Oxygenated Mktg. & Trading*, 215 F.3d 219, 226-27 (2d Cir. 2000); *ADR/JB Corp. v. MCY III, Inc.*, 299 F. Supp. 2d 110, 116 (E.D.N.Y. 2004) (denying motion to file sur-reply brief based on reasoning in *Litton*).

[11] Defendant Response to MSJ, 12. *See also id.* at 13 (stating that Defendant "did not need to engage in a vain and futile review the Bible"); Palmerini Affidavit accompanying Defendant's Response to MSJ ¶11 ("OCSB did not need to review the Bibles prior to distribution because of its prior knowledge of the contents of the Bible and because the Bible is already accepted in schools for comparative religion classes, for literary and historical purposes, and for other non-

5

Declaration relates directly to this new justification. The declaration shows that the approved Bible contained nearly identical solicitations to those in Plaintiffs' literature.

If Defendant had prior knowledge of the contents of the Bible as it claims, then it must have known about the Bible's solicitation reproduced in Koster's Declaration. And if Defendant knew about the solicitation, it knowingly treated Plaintiffs' literature more harshly and therefore proves Plaintiffs' equal protection claim. On the other hand, if Defendant had no prior knowledge of the solicitation, Koster's Declaration disproves Defendant's justification for not reviewing the Bible—that it "had prior knowledge of the contents of the Bible." Either way, Koster's Declaration goes to the new issue raised by Defendant: its knowledge of the distributed Bible. The declaration proves that Defendant violated the Equal Protection Clause by either (1) knowingly allowing solicitations in the Bible but not Plaintiffs' literature, or (2) not reviewing literature about which they did not, in fact, have knowledge while subjecting Plaintiffs' literature to a lengthy review.

Second, Defendant spent a good portion of its brief arguing that reasonable time, place, and manner restrictions are valid restraints on free speech.[12] Plaintiffs have never claimed otherwise, nor argued the point. However, Defendant also argued that all its time, place, and manner restrictions were viewpoint neutral.[13] Therefore, Plaintiffs can present evidence that

---

religious purposes pursuant to established law.").

[12] Defendant's Response to MSJ at 18 (arguing that Defendant is "entitled to put time, place, and manner restrictions on non-student speech so long as the restrictions are viewpoint neutral and reasonable"); *id.* at 12 ("The 'Good without God' stickers were banned, not because of their content, but because stickers were not allowed in the forum."); *id.* at 10 ( arguing that it "is certainly within the power of the school administration to regulate the time, place, and manner of distribution").

[13] *Id.* at 18 (arguing that Defendant is "entitled to put time, place, and manner restrictions on non-student speech so long as the restrictions are viewpoint neutral . . .").

Defendant's time, place, and manner restrictions—such as the prohibition on solicitations—were not applied in a viewpoint neutral manner. Koster's Declaration proves that Defendant allowed solicitations in the Bible, but not in Plaintiffs' literature. This rebuts Defendant's claim that even its reasonable restrictions are viewpoint neutral.

Third, Defendant argues that the Bible deserves special treatment, that it should not be reviewed in an educational setting because of its historical context, and that the law authorizes the Bible in public schools.[14] Because Defendant claims that the distributed Bible deserves special treatment as an educational document, Plaintiffs can submit evidence to show that it was not presented in a neutral, educational format. Koster's Declaration addresses this new argument by showing the proselytizing content in the introduction and conclusion to the approved NIV Bible by Biblica, Inc.. Koster's Declaration shows precisely how the authors view their Bible, as a means to proselytize and convert people to Christianity, which undercuts the informative, historical uses argued by Defendant.[15]

### III. This Court should consider Plaintiffs' reply declaration because it is not unfair to Defendant.

The overriding purpose of Rule 6 is to ensure that parties have a fair opportunity to address facts and arguments. The rule is meant "to prevent the moving party from springing new facts on the nonmoving party 'when it is too late for that party to contest them.'" *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 476 (6th Cir. 2002) (quoting *Republic Bank Dallas v. First Wis. Nat'l Bank of Milwaukee*, 636 F. Supp. 1470, 1472 (E.D. Wis. 1986)). Concerns about

---

[14] *Id.* at 12-13 ("[T]he law is clearly established that Bibles are acceptable materials for educational settings including for comparative religion classes, for literary and historical purposes, and for other non-religious purposes.").
[15] *Id.* at 14.

prejudice are central in determining whether to allow a reply brief or affidavit. *See Baugh v. City of Milwaukee*, 823 F. Supp. 1452, 1456-57 (E.D. Wis. 1993), *aff'd* 41 F.3d 1510 (7th Cir. 1994).

Plaintiffs' reply declaration is not unfair or prejudicial to Defendant because Defendant was aware of all the facts presented in the reply declaration.

Koster's Declaration consists of three pieces of evidence supported by authenticating testimony: (a) photocopied pages from the Bible Defendant approved for distribution to its students, (b) photographs that already appeared in the complaint showing which Bibles were distributed during the active Bible distributions, and (c) a photo of an invitation to attend church that was distributed with the Bibles and submitted with the complaint.[16]

Given that Defendant approved the Bible for its students and the other evidence was presented in the complaint, it cannot now argue that it is surprised, "unable to respond," or "ambushed." This would require Defendant to claim that it had no knowledge of what was in the Bibles distributed in its schools, effectively refuting its most recent affidavit (sworn to under penalty of perjury) and proving that the Bible should have been vetted.

Defendant had access to all the facts presented in Plaintiffs' reply declaration as litigation commenced and possibly earlier. It approved the Bible. The only unfairness surrounding Plaintiffs' reply declaration would be for this Court to strike it from the record.

---

[16] *See* Complaint Exhibits N.a, N.b, and O.

## IV. Denying the motion to strike serves the judicial economy interests of the Court.

In the alternative, this Court should accept Koster's declaration under Fed. R. Civ. P. 56(e). "Rule 56(e) authorizes courts to permit summary judgment affidavits to be supplemented." *See In re Jackson*, 92 B.R. 987, 992 (Bankr. E.D. Pa. 1988) ("[T]he provision of F.R. Civ. P. 56(e) expressly allowing 'affidavits to be supplemented,' causes us to conclude that all competent evidence submitted to the court should be considered in deciding a motion for summary judgment, whether submitted initially or in response to objections to the motion."). Under Rule 56(e), a moving party may submit supplemental affidavits or declarations when "responding to matters first raised by the nonmoving party in opposition to the motion."[17] As discussed above, Koster's Declaration does precisely this.

The purpose of Rule 56 is to permit expeditious disposition of cases in which there is not a substantial issue of fact. *Wilder v. Prokop*, 846 F.2d 613, 626 (10th Cir. 1988). Defendant presents no legitimate reason why this Court should ignore probative evidence. Its motion does not raise a genuine issue of material fact, it simply asks this Court to ignore a material fact highly detrimental to Defendant. These facts are well settled and it enhances this Court's knowledge to have exact photocopies of portions of that Bible.

Though Defendant labels Koster's Declaration "trial by ambush,"[18] as discussed above,

---

[17] *See Pelletier v. Zweifel*, 921 F.2d 1465, 1494 (11th Cir. 1991) (noting defendant seeking leave to submit supplemental affidavit was "armed with [new] information," which justified the granting of the request); *Bell v. Kolongo*, No. 1:03CV501(GBL), 2004 WL 3247156, at *4 (E.D. Va. Oct. 25, 2004), *aff'd*, 120 Fed. Appx. 985 (4th Cir. 2005) (stating Rule 56(e) permits supplemental affidavits for "allegations . . . raised for the first time in [the] Opposition"); *Dudo v. Schaffer*, 91 F.R.D. 128, 133 (E.D. Pa. 1981) (noting propriety of submitting a "supplemental affidavit for newly discovered matter").

[18] Motion to Strike at 5.

the content could not have been a surprise. Even so, Defendant should expect a certain amount of surprise when it requested no discovery and refused to agree to an extension of the discovery deadline.

Defendant argued that the Bible deserves special treatment and that Plaintiffs' material "is not equivalent to the Bible no matter that Plaintiffs want to cry 'not fair'."[19] Koster's Declaration shows that the NIV Bible by Biblica, Inc. is equivalent in terms of content[20] and even contains solicitations. This is a fact. This Court may consider any relevant facts at its disposal to correctly decide this case.

## CONCLUSION

Koster's Declaration addresses issues raised by Defendant in opposition to Plaintiffs' motion for summary judgment and is not unfair or prejudicial. Therefore, granting Defendant a sur-reply would be inappropriate. *See Del Istmo Assur. Corp.*, 2011 WL 5508641, at *4 n.4 (noting that there is no entitlement to a sur-reply merely because affidavits rebutting issues raised in opposition were submitted); *ADR/JB Corp.*, 299 F. Supp. 2d. at 116 (denying plaintiff's motion to file sur-reply for the above reasons).

For the foregoing reasons this Court should deny Defendant's motion.

Dated: July 9, 2014                                        Respectfully submitted,

                                                           */s/ Steven M. Brady*
                                                           Steven M. Brady, Esquire
                                                           FBN: 749516
                                                           The Brady Law Firm, P.A.
                                                           7380 W. Sand Lake Road, Ste. 500
                                                           Orlando, FL  32819
                                                           Telephone: 321-300-5290

---

[19] Defendant's Response to MSJ at 14.
[20] See Appendix I to Plaintiffs' Motion for Summary Judgment.

10

Email: steven@bradylaw.us

CO-COUNSEL FOR PLAINTIFFS
Andrew L. Seidel, Esquire
WI Bar Number: 1089025
Freedom From Religion Foundation
PO Box 750, Madison, WI 53701
Email: aseidel@ffrf.org
*Pro Hoc Vice*