UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FREEDOM FROM RELIGION FOUNDATION,
INC., DAN BARKER, ANNIE LAURIE
GAYLOR, AND DAVID WILLIAMSON,                   Case No. 6:13-cv-00922

        Plaintiffs

v.

ORANGE COUNTY SCHOOL BOARD,

        Defendant
_____/

## NOTICE OF APPEAL

NOTICE IS GIVEN that, pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, Plaintiffs/Appellants, FREEDOM FROM RELIGION FOUNDATION, INC., DAN BARKER, ANNIE LAURIE GAYLOR, and DAVID WILLIAMSON ("Plaintiffs"), hereby appeal to the United States Court of Appeals for the Eleventh Judicial Circuit, the following:

1. The Order Dismissing the Case Without Prejudice for Lack of Subject Matter Jurisdiction and Denying Plaintiffs' Motion for Summary Judgment as Moot entered on July 14, 2014 [D.E. 47], a conformed copy of which is attached hereto as Exhibit "A".

2. All interlocutory orders subsumed in the Final Order of Dismissal, including but not limited to the following orders:

   a. The Order Granting Defendant's Motion to Dismiss and Dismissing Plaintiffs' Claims for Prospective Relief Without Prejudice for Lack of Subject Matter Jurisdiction entered on July 3, 2014 [D.E. 45], a conformed copy of which is attached hereto as Exhibit "B".

   b. The Endorsed Order Approving the Magistrate's Order of April 16, 2014

[D.E.33], a conformed copy of which is attached hereto as Exhibit "C".

c.  The Order Denying Plaintiffs' Motion to Reopen Discovery entered on April 24, 2014 [D.E. 30], a conformed copy of which is attached hereto as Exhibit "D".

d.  The Order Denying Plaintiffs' Motion to Compel entered on April 16, 2014 [D.E. 27], a conformed copy of which is attached hereto as Exhibit "E".

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2014, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to: **Howard S. Marks, Esquire**, and **Lisa Geiger, Esquire**, Burr & Foreman, LLP, 200 S. Orange Avenue, Suite 800, Orlando, Florida, 32801, hmarks@burr.com, dmmorton@burr.com, mrannell@burr.com, lgeiger@burr.com, Attorneys for Defendant.

*/s/ Steven M. Brady*
STEVEN M. BRADY
FBN: 749516
**TRIAL & APPELATE COUNSEL**
The Brady Law Firm, P.A.
7380 W. Sand Lake Road, Suite 500
Orlando, FL  32819
Telephone: 321-300-5290
Facsimile: 407-512-6583
Email: steven@bradylaw.us
Email: chris@bradylaw.us
*Counsel for Plaintiffs*

-and-

Andrew L. Seidel, Esquire
Freedom From Religion Foundation
P.O. Box 750
Madison, WI  53701
Telephone: (608) 256-8900
Facsimile: (608) 204-0422
Email: aseidel@ffrf.org
Email: patrick@ffrf.org

*Counsel for Plaintiffs*

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FREEDOM FROM RELIGION FOUNDATION, INC., DAN BARKER, ANNIE LAURIE GAYLOR and DAVID WILLIAMSON,**

        **Plaintiffs,**

**v.**                                       **Case No. 6:13-cv-922-Orl-18KRS**

**ORANGE COUNTY SCHOOL BOARD,**

        **Defendant.**

---

## ORDER

THIS CAUSE comes for consideration on the Court's own initiative. The Court has reviewed Plaintiffs Freedom From Religion Foundation, Inc., Dan Barker, Annie Laurie Gaylor, and David Williamson's (collectively, "Plaintiffs") Motion for Summary Judgment for Injunctive, Declaratory, and Other Relief (Doc. 36) and the parties' related filings. The Court has previously held that Plaintiffs' claims for prospective relief are moot. (*See* Doc. 45 at 9.) Defendant has unconditionally allowed Plaintiffs to distribute all of the materials that they submitted to Defendant for prior approval. To the extent Plaintiffs' claims are based on their concern that any materials they might submit in the future might not be screened in a constitutionally permissible manner, these claims are hypothetical and thus beyond the Court's limited subject matter jurisdiction. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Ultimately, the Court holds that this case no longer presents a justiciable controversy. Therefore, the Court lacks subject matter jurisdiction over this case, and it must be dismissed without prejudice. *See Crotwell v. Hockman-Lewis Ltd.*, 734

F.2d 767, 769 (11th Cir. 1984) (a district court that determines it lacks subject matter jurisdiction over a case should dismiss the case without prejudice).

Accordingly it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

2. Plaintiffs Freedom From Religion Foundation, Inc., Dan Barker, Annie Laurie Gaylor, and David Williamson's Motion for Summary Judgment for Injunctive, Declaratory, and Other Relief (Doc. 36) is **DENIED as moot**.

3. Defendant Orange County School Board's Motion to Strike or Disregard Declaration of Daniel Koster in Support of Plaintiffs' Motion for Summary Judgment and Injunctive, Declaratory and Other Relief (Doc. 44) is **DENIED as moot**.

4. The Clerk of the Court is directed to **CLOSE** the case.


**DONE** and **ORDERED** in Orlando, Florida on this ___14___ day of July, 2014.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

-2-

# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FREEDOM FROM RELIGION
FOUNDATION, INC., DAN
BARKER, ANNIE LAURIE
GAYLOR, and DAVID
WILLIAMSON,

        **Plaintiffs,**

v.                                    **Case No. 6:13-cv-922-Orl-18KRS**

**ORANGE COUNTY SCHOOL
BOARD,**

        **Defendant.**

_____

## ORDER

    THIS CAUSE comes for consideration on Defendant Orange County School Board's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (Doc. 19.) Plaintiffs Freedom from Religion Foundation, Inc., Dan Barker, Annie Laurie Gaylor, and David Williamson (collectively, "Plaintiffs") responded in opposition (Doc. 22), and Defendant replied (Doc. 28). For the following reasons, Defendant's motion will be granted.

I. BACKGROUND

    This case concerns the distribution of literature at schools within Defendant's district. From time to time, Defendant allows groups with no relation to Defendant to passively distribute materials at public schools within Defendant's school district provided that Defendant has approved the materials prior to distribution. (Doc. 1 ¶ 19.) On January 16, 2013, Defendant allowed World Changers of Florida ("WCF") to passively distribute copies of the New International Version Bible ("NIV Bible") to students at eleven of the public schools within Defendant's school district. (*Id.* ¶

21.)   WCF was allegedly the first outside group Defendants allowed to distribute materials in schools within Defendant's district.   (*Id.* ¶ 31.)   Plaintiffs allege that the NIV Bible "expresses a Judeo-Christian view of God and religion[.]"   (*Id.* ¶ 3.)   Plaintiffs further allege that Defendant did not "vet or read" WCF's NIV Bible prior to approving it (in its entirety) for distribution.   (*Id.* ¶¶ 23-24.)

Plaintiffs originally expressed to Defendant their belief that Defendant should simply not allow outside groups to distribute literature.   (*Id.* ¶ 26.)   Alternatively, Plaintiffs sought to arrange to distribute their own materials at schools within Defendant's district.   (*Id.* ¶ 27.)   Defendant informed Plaintiffs that Plaintiffs would have to submit the materials Plaintiffs planned to distribute in advance to ensure that they are not among the types of materials Defendant may prohibit under the Collier County Consent Decree.   (*Id.* ¶¶ 27, 28.)

This Court entered the Collier County Consent Decree and Order in *World Changers of Fla., Inc. v. Dist. Sch. Bd. of Collier Cnty., Fla.*, No. 2:10-cv-419-FtM-36SPC.   (*See* Doc. 1-1 at 23.)   In that case, the defendant, District School Board of Collier County, Florida, and WCF consented to a degree that allows WCF the same access as all other outside, non-profit organizations to a limited public forum created by the defendant in its public schools.   (*See id.* at 23-24.)   With respect to the content of the materials to be distributed, the consent decree was entered to "clarify that no decision-maker can exercise discretion to deny access to the limited public forum on basis of viewpoint[]" while also ensuring that the defendant would be able to prohibit, in advance, distribution of materials for reasons other than the viewpoints presented in those materials.   (*Id.* at 24-25, 27.)   Specifically, the consent decree would permit the District School Board of Collier County to prohibit distribution of literature that:

> (i) promotes the use of alcohol, tobacco or illegal drugs; (ii) advertises products or services for sale; (iii) is not appropriate for the age and maturity of high school

students; (iv) is pornographic, obscene or libelous; (v) violates intellectual property or privacy rights; (vi) advocates or is likely to incite imminent lawless action; or (vii) is likely to cause substantial disruption at the school despite the application of available discipline rules and procedures.

(*Id.* at 27.)  Neither party to this case is a party to the Collier County Consent Decree.  Although Defendant allegedly has no written policy regarding distribution of materials by outside groups, Defendant maintains a practice of following the policies and procedures delineated in the Collier County Consent Degree.  (Doc. 1 ¶ 29.)

On January 29, 2013, Plaintiff David Williamson, a member of the Freedom From Religion Foundation, Inc. and organizer of its Orange County chapter, the Central Florida Freethought Community, submitted materials to Defendant's counsel, John Palmerini, in an effort to obtain advance approval for distribution.  (Doc. 1 ¶¶ 6, 10, 32.)  The materials, which were critical of the Bible and religion generally, included nine "nontracts,"[1] five brochures, eight books,[2] one essay, and one sticker.  (*See id.* ¶ 33.)  Plaintiffs then voluntary rescinded three of the books that they had submitted for approval.  (*Id.* ¶ 35.)  Of the remaining materials, Defendant prohibited distribution of four "nontracts," the sole essay, four books, and the sticker.  (*Id.* ¶ 38.)[3]  Defendant set a distribution date of May 2, 2013.  (*Id.* ¶ 39.)

Plaintiffs protested Defendant's prohibition of six materials, alleging that Defendant had illegally discriminated against the viewpoints contained in those materials.  (*See* Doc. 1-1 at 14-16.)  In a letter to Defendant dated April 23, 2013, Plaintiffs' counsel Andrew Seidel argued, "[e]very . . . objection to the above materials could also be made about the bible, a book that was already

---

[1] Plaintiffs describe "nontracts" as "brief, easy to read, 3 1/2 x 4 1/4-inch folded brochures" designed as "the freethought answer to ubiquitous religious tracts."  (*Id.* ¶ 34.)  "'Nontracts' . . . address many common myths about freethought or religion."  (*Id.*)

[2] Among these eight books is one "partial book"—The Age of Reason, Pt. III by Thomas Paine. (*See id.* ¶ 37-38.)

[3] Defendant prohibited the materials as being "age inappropriate," "pornographic, obscene, or libelous," or capable of producing a "substantial disruption." (Doc. 1-1 at 2-4.)  Defendant also prohibited materials that contained solicitations. (*Id.* at 4.)

-3-

approved and distributed." (*Id.* at 15-16.)  Plaintiffs again urged Defendant to close the forum to all outside groups. (*Id.* at 16.)  However, Defendant maintained that it had properly refused to allow Plaintiffs to distribute the prohibited materials. (*Id.* at 11.)  On May 2, 2013, Plaintiffs passively distributed approved materials to students at public schools within Defendant's district. (*See* Doc. 1 ¶ 7.)  The guidelines for distribution were based upon the Collier County Consent Decree and mirrored those which Defendant had imposed on WCF for their passive distribution event that occurred on January 16, 2013. (*See* Doc. 1-1 at 47-49.)

On June 13, 2013, Plaintiffs filed their Complaint against Defendant, asserting claims for alleged violations of their First and Fourteenth Amendment rights.  Plaintiffs seek nominal damages and a declaratory judgment stating that Defendants violated their constitutional rights. (Doc. 1 ¶ 89.)  As prospective relief, Plaintiffs seek a declaratory judgment stating that Defendant cannot prohibit Plaintiffs from distributing their materials while permitting distribution of the NIV Bible, "[a] permanent injunction ordering Defendants [sic] to refrain from prohibiting Plaintiffs' literature." (*Id.*)

On or about January 3, 2014, Defendant unconditionally agreed to allow Plaintiffs to distribute the materials that Defendant had previously prohibited. (*See* Doc. 21 ¶¶ 3-4.)  Defendant ensured that Plaintiffs would be able to distribute materials at the same time and in the same manner of other groups. (*See* Doc. 21-1 at 1-3.)  Moreover, Defendant represented that it "has no intention in the future to prohibit these materials." (Doc. 21 ¶ 5.)  Although Plaintiffs acknowledged that the possibility of resolving this case through settlement increased as a result of their being allowed to distribute the previously prohibited materials, Plaintiffs maintained that further negotiations were necessary regarding Defendant's submission and distribution policies. (Doc. 22-1 at 6-7.)

Although Plaintiffs were authorized to participate in the passive distribution forum that occurred on January 16, 2014, they chose not to participate.[4]  (*See* Doc. 21-1 at 1; Doc. 22-1 ¶ 9.)

Defendant now moves to dismiss Plaintiffs' claims for prospective relief pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that those claims are moot.[5]

## II. ANALYSIS

Attacks on subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure come in two forms: facial attacks and factual attacks.  *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990).  "Facial attacks" on the complaint require the court merely examine whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are taken as true for the purposes of the motion.  *Id.* at 1529.  "'Factual attacks' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'"  *Id.* (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).  When a party's attack on subject matter jurisdiction is factual, no presumption of truth attaches to the plaintiff's allegations and a court is free to weigh evidence to determine whether it has jurisdiction.  *Lawrence*, 919 F.2d at 1529 (citing *Williamson*, 645 F.2d at 412-13).  This case presents a factual attack on subject matter jurisdiction.

Article III of the Constitution limits the jurisdiction of federal courts to "cases" and "controversies."  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992).  The mootness doctrine is among the justiciability limitations that Article III places on the federal judiciary.  *See*

---

[4]  Williamson stated that he did not participate in the forum because Defendant's timing of its decision to approve all of Plaintiffs' materials did not afford Williamson sufficient time to prepare materials and volunteers.  (Doc. 22-1 ¶ 10.)  However, Plaintiffs were aware, through a letter dated December 9, 2013, that a passive distribution event would occur on January 16, 2014.  (*See* Doc. 21-1 at 1.)

[5]  Defendant explicitly recognizes that Plaintiffs' claims regarding past allegedly unconstitutional conduct will remain. (*See* Doc. 19 at 4 n.1.)

*Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1328 (11th Cir. 2004) (citing *Vander Jagt v. O'Neill*, 699 F.2d 1166, 1179 (D.C. Cir. 1982) (Bork, J., concurring)). "'[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)) (alterations in original). "Plainly, if a suit is moot, it cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it." *Coral Springs St. Sys.*, 371 F.3d at 1328. "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehabilitative Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000). Therefore, a moot claim must be dismissed for lack of subject matter jurisdiction. *See Al Najjar*, 273 F.3d at 1336.

A case may be rendered moot as a result of a change in circumstances or a change in the law. *Coral Springs St. Sys.*, 371 F.3d at 1328. "[V]oluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot." *Id.* (quoting *Sec'y of Labor v. Burger King Corp.*, 955 F.2d 681, 684 (11th Cir. 1992)) (internal quotation marks omitted). "Because of the possibility that the defendant could merely return to his old ways, '[t]he test for mootness in cases such as this is a stringent one . . . . A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Burger King*, 955 F.2d at 684 (quoting *Greenwood Utils. Comm'n v. Hodel*, 764 F.2d 1459, 1462-63 (11th Cir. 1985)). "However, governmental entities and officials have been given considerably more leeway than private parties in the presumption that they are unlikely to resume illegal activities." *Coral Springs St. Sys.*, 371 F.3d at 1328-29. "[W]hen the defendant is not a private citizen but a government actor, there is a rebuttable presumption that

the objectionable behavior will *not* recur."   *Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla.*, 382 F.3d 1276, 1283 (11th Cir. 2004) (emphasis in original).   "When government laws or policies have been challenged, the Supreme Court has held almost uniformly that cessation of the challenged behavior moots the suit."   *Id.*   "The [Supreme] Court has rejected an assertion of mootness" in a voluntary cessation case "*only* when there is a substantial likelihood that the offending policy will be reinstated if the suit is terminated."   *Id.* at 1283-84 (emphasis in original).

In this case, the circumstances are sufficiently clear that the alleged wrongful behavior— Defendant's initial prohibition of a subset of the materials that Plaintiffs sought to distribute—will not recur in the future.   Defendant modeled its policy concerning passive distribution of materials by outside groups on the Collier County Consent Decree.   The Collier County Consent Decree appears to be carefully balanced so as to allow outside groups to distribute materials at a limited public forum within public schools in Defendant's district while also ensuring that the materials distributed are appropriate for a school setting.   Indeed, Defendant may lawfully prohibit outside groups from distributing materials that are not appropriate for distribution in a school setting with the aim of controlling student conduct in the schools.   *See Bd. of Educ., Island Trees Union Free Sch. Dist. No. 26 v. Pico*, 457 U.S. 853, 863-64 (1982) (quoting *Tinker v. Des Moines Sch. Dist.*, 393 U.S. 503, 507 (1969)) (noting the Supreme Court's repeated emphasis of "the comprehensive authority of the States and of school officials . . . to prescribe and control conduct in the schools."). This includes prohibiting the dissemination of content that is sexually explicit, indecent, lewd, or offensive if such would "undermine the school's basic educational mission."   *Bethel Sch. Dist. No. 403 v. Fraser*, 478 U.S. 675, 684-85 (1986).   In Defendant's voluntary adoption of the Collier County Consent Decree as a policy to govern the distribution of materials by outside groups, Defendant demonstrated a good faith effort to operate a limited public forum in an educational

-7-

setting in a constitutionally permissible manner while also ensuring that the forum would not undermine its schools' basic educational mission.

From the time that the events giving rise to this case occurred to the present, Defendant has maintained its use of the Collier County Consent Decree as a policy governing the limited public forum in its schools.   Therefore, the circumstances in this case—allowing Plaintiffs to distribute the materials Defendant had previously prohibited—is more aptly characterized as a recommitment to existing policy than a change of policy.   Recently, the United States Court of Appeals for the Ninth Circuit held that "confidence in the Government's voluntary cessation . . . is at an apex . . ." in the context of a reemphasis or recommitment to existing policy.   *Rosenbrock v. Mathis*, 745 F.3d 963, 972-73 (9th Cir. 2014) (citing *Am. Cargo Transp. v. United States*, 625 F.3d 1176, 1180 (9th Cir. 2010)).   The *Rosebrock* court stated: "The fact that the Government's 'voluntary cessation' is more aptly described as reemphasizing, or recommitting to, an existing policy of consistent enforcement of a longstanding regulation—not as a policy change—increases our confidence that 'the challenged conduct cannot reasonably be expected to recur.'"   *Id.* at 973 (quoting *White v. Lee*, 227 F.3d 1214, 1244 (9th Cir. 2000)).[6]

Defendant has unambiguously expressed its position that each of the materials Plaintiffs sought to distribute will be unconditionally allowed.   Further, Plaintiffs were provided an opportunity to distribute all of the materials for which they had sought prior approval at the distribution event that occurred on January 16, 2014.   The fact that Plaintiffs chose not to participate in the January 14, 2014 event is of no consequence to the Court's mootness analysis.[7]   Plaintiffs

---

[6] While the Eleventh Circuit has not explicitly delineated this distinction, no binding precedent from the Eleventh Circuit is inconsistent with such a distinction.

[7] Plaintiffs' contention that they would seek to distribute new materials but have not submitted them to Defendant for review as a result of Defendant's initial rejection of some of the materials Plaintiffs previously submitted is also irrelevant.   Any claim with respect to materials that have not been submitted is hypothetical and therefore outside of the Court's limited subject matter jurisdiction. *See Lujan*, 504 U.S. at 560 (quoting *Whitmore v. Ark.*, 495 U.S. 149, 155 (1990)) (a legally cognizable injury in fact must be actual or imminent rather than merely conjectural or

further argue that Defendant has not consistently applied its policy for a length of time sufficient to render their claims prospective relief moot. As support, Plaintiffs cite *Jews for Jesus*, and point to the fact that the claims in that case were moot as a result of the defendant's consistent application of a revised policy for approximately three years. 162 F.3d at 629. What Plaintiffs selectively omit about *Jews for Jesus* is that the Eleventh Circuit affirmed this Court's dismissal of the plaintiffs' claims upon the defendant lifting its allegedly unconstitutional policy a mere month after the plaintiffs initiated the lawsuit. *See id.* Therefore, despite Defendant's decision to allow the previously prohibited materials after the time Plaintiffs initiated this case and the purportedly short time since Defendant changed its stance, *Jews for Jesus* stands as precedent supporting dismissal of Plaintiffs claims for prospective relief.

In sum, Plaintiffs have not rebutted the presumption that Defendant, as a government entity, will not reengage in the purportedly unconstitutional conduct that, to date, it has voluntarily ceased. Therefore, Plaintiffs' claims for prospective relief are moot, and the Court lacks subject matter jurisdiction to adjudicate those claims.[8]

In *Jews for Jesus*, the Eleventh Circuit stated:

> If [defendant] chose[s] to reinstate [its] restrictive policies—or adopt similar ones—the courthouse door is open to [plaintiff] to reinstate its lawsuit. Under such circumstances, the case would not be moot even if the [defendant] again revoked its policies in response to the lawsuit, because such "flip-flopping" would create a reasonable expectation that [defendant] would reinstate the challenged practice at the close of the lawsuit.

---

hypothetical).

[8] This conclusion also comports with the Supreme Court's instruction that as a result of control of public education being committed to state and local authorities, "federal courts should not ordinarily 'intervene in the resolution of conflicts which arise in the daily operation of school systems.'" *Pico*, 457 U.S. at 864 (quoting *Tinker*, 393 U.S. at 507).

*Id.* at 630.   Although the Court is satisfied that, after the conclusion of these proceedings, Defendant will not prohibit distribution of the materials that it initially refused but later allowed Plaintiffs to distribute, the Eleventh Circuit's statements from *Jews for Jesus* apply equally in this case.

III. CONCLUSION

For the foregoing reasons, Defendant Orange County School Board's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 19) is **GRANTED**.   Plaintiffs' claims for prospective relief are **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**DONE** and **ORDERED** in Orlando, Florida on this ____3____ day of July, 2014.

_____
**G. KENDALL SHARP**
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

FREEDOM FROM RELIGION
FOUNDATION, INC., DAN BARKER,
ANNIE LAURIE GAYLOR and DAVID
WILLIAMSON,

         Plaintiffs,

v.                             Case No:  6:13-cv-922-Orl-18KRS

ORANGE COUNTY SCHOOL BOARD,

         Defendant.

                                 **ORDER**

This cause came on for consideration without oral argument on the following motions filed herein:

| MOTION: | **DEFENDANT'S MOTION FOR PROTECTIVE ORDER** (Doc. No. 24) |
| | FILED  April 14, 2014 |

**THEREON** it is **ORDERED** that the motion is **DENIED as moot.**

Discovery in this case has closed. *See* Doc. No. 18.

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

FREEDOM FROM RELIGION
FOUNDATION, INC., DAN BARKER,
ANNIE LAURIE GAYLOR and DAVID
WILLIAMSON,

          **Plaintiffs,**

v.                                      **Case No:   6:13-cv-922-Orl-18KRS**

ORANGE COUNTY SCHOOL BOARD,

          **Defendant.**

_____

## ORDER

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' MOTION TO RE-OPEN LIMITED DISCOVERY AND FOR ENLARGEMENTS OF THE CORRESPONDING DISPOSITIVE MOTIONS DEADLINE** (Doc. No. 29) |
| **FILED:** | **April 21, 2014** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

      Plaintiffs ask that the Court reopen discovery for 45 days so that they can file a motion to compel Defendants to respond to written discovery requests.   Plaintiffs state that the written discovery requests were served on Defendants on March 13, 2014.   Defendants timely responded and objected to these requests on April 14, 2014 (Doc. Nos. 29-1 and 29-2), which was the last day of the discovery period.   Plaintiffs did not file a motion to compel directed to these discovery requests on April 14, 2014, as required by the Case Management and Scheduling Order, or a motion

for enlargement of time to file a motion to compel before the close of discovery. Therefore, the motion to re-open discovery to file an untimely motion to compel is not well taken.

Plaintiffs also ask that the Court reopen discovery for 45 days to permit them to take the depositions of the representatives of Defendant Orange County School Board. Their motion reflects that counsel for Plaintiffs was informed on March 12, 2014 that Howard Marks, Esq., one of the attorneys for the Defendant, would not be available to attend the depositions of Defendant's representatives on or before April 12, 2014, because he would likely be in trial during that time. Doc. No. 29 at 2-3; Doc. No. 29-3 at 3. However, there is no representation in the record that Lisa J. Geiger, Esq., the other attorney for Defendant, was not available to attend depositions of the representatives of Defendant before the close of discovery.

Counsel for Plaintiffs did not seek help from the Court to schedule the depositions of Defendant's representatives until the last day of the discovery period, which left no time available in the discovery period to schedule the depositions. In the present motion, counsel for Plaintiffs argues that he could not have filed the motion to schedule the depositions earlier because he was still trying to resolve the issue informally. While Local Rule 3.01(g) requires counsel to confer in good faith before filing discovery motions, it does not permit an attorney to delay seeking resolution from the Court for more than a month after the discovery dispute arose. Even though the Case Management and Scheduling Order permitted discovery motions to be filed until the last day of the discovery period, "[a] Rule 16(b) Scheduling Order is not a license for a party to sit on its rights until the last possible day before lobbing a hand grenade into the litigation that will undoubtedly force the extension of pretrial and trial deadlines . . . ." *Williams v. Saxon Mortg. Servs., Inc.*, No. Civ. A. 06-0799-WS, B, 2007 WL 2828752, at *7 (S.D. Ala. Sept. 27, 2007). Accordingly, because counsel for Plaintiffs did not exercise due diligence by filing a motion to compel the depositions of

Defendant's representatives sufficiently before the close of discovery to permit those depositions to be scheduled during the discovery period, Plaintiffs have not stated good cause to warrant reopening of discovery.

Finally, Plaintiffs contend that the Court could create time to reopen discovery by moving the date for filing dispositive motions for 45 days. The current date for filing dispositive motions is May 12, 2014 and the trial term begins on October 1, 2014. Doc. No. 18. Moving the dispositive motion date to June 26, 2014 would leave the presiding district judge insufficient time to resolve the dispositive motions before the trial date. *See* Doc. No. 17 (The Case Management Report states that the "Court requires 5 months or more before the trial term begins" to resolve dispositive motions.).

**DONE** and **ORDERED** in Orlando, Florida on April 23, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

- 3 -

# EXHIBIT E

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FREEDOM FROM RELIGION
FOUNDATION, INC., DAN BARKER,
ANNIE LAURIE GAYLOR and DAVID
WILLIAMSON,**

          **Plaintiffs,**

**v.**                                              **Case No:  6:13-cv-922-Orl-18KRS**

**ORANGE COUNTY SCHOOL BOARD,**

          **Defendant.**

_____

## ORDER

       This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION FOR PROTECTIVE ORDER** (Doc. No. 24) |
| **FILED:** | **April 14, 2014** |

**THEREON** it is **ORDERED** that the motion is **DENIED as moot**.

       Discovery in this case has closed.  *See* Doc. No. 18.

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS (Doc. No. 25)** |
| **FILED:** | **April 14, 2014** |
| | |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

Discovery in this case closed on April 14, 2014 (*see* Doc. No. 18), and neither party moved to extend the deadline. Thus, by filing their motion to compel on the last day of discovery, Plaintiffs left no time for the requested depositions to occur. In addition, Plaintiffs' motion shows that their counsel has known since at least March 12, 2014 that one of Defendant's attorneys was claiming to be unavailable for the requested depositions, but failed to file the motion to compel until the last day of discovery. Accordingly, the motion is untimely.

**DONE** and **ORDERED** in Orlando, Florida on April 16, 2014.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE