[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13399
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cv-00922-GKS-KRS

FREEDOM FROM RELIGION FOUNDATION, INC.,
DAN BARKER,
ANNIE LAURIE GAYLOR,
DAVID WILLIAMSON,

                Plaintiffs-Appellants,

versus

ORANGE COUNTY SCHOOL BOARD,

                Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 4, 2015)

Before HULL, MARCUS, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Plaintiffs Freedom From Religion Foundation, Inc., Dan Barker, Annie Laurie Gaylor, and David Williamson (collectively, "FFRF") appeal the dismissal of their constitutional claims against defendant Orange County School Board (the "School Board") regarding the distribution of literature at schools within the School Board district. After careful review of the record and briefs, we conclude that the district court properly dismissed the FFRF's claims as moot and, accordingly, affirm.[1]

## I. BACKGROUND

### A. The Initial Review Process

At the outset of this dispute, the defendant School Board allowed groups outside the school to passively distribute materials at public schools in what both parties agree amounted to a limited public forum. The School District would approve the materials prior to any distribution.

On January 16, 2013, the defendant School Board allowed World Changers of Florida ("WCF") to passively distribute copies of the New International Version Bible ("NIV Bible") to students at eleven of the public schools within the School Board district. Plaintiff FFRF opposed this distribution, arguing to the School Board that it should not allow WCF to distribute its materials. As an alternative, plaintiff FFRF sought to distribute its own material, which included "atheist,

---

[1] Separately, we find plaintiff FFRF's allegations of abuse of discretion in the district court's discovery management to be without merit.

humanist, and freethought literature." The initial review and denial of some of that material gave rise to this litigation.

The defendant School Board informed plaintiff FFRF that it would have to submit the materials planned for distribution in advance to ensure that such materials were not among the material the School Board may prohibit.[2] On January 29, 2013, plaintiff FFRF submitted materials for advance approval. These materials included nine "nontracts," five brochures, eight books, one essay, and one sticker. The FFRF voluntary rescinded three of the books that it had submitted for approval. Of the remaining materials, the School Board prohibited distribution of four "nontracts," the essay, four books, and the sticker. The School Board also issued a distribution date of May 2, 2013.

Plaintiff FFRF protested the defendant School Board's prohibition of six materials, alleging that the defendant had illegally discriminated against the

---

[2]The School Board has no written policy regarding distribution of materials, but rather follows the Collier County Consent Decree, entered by a district court in the Middle District of Florida in World Changers of Fla., Inc. v. Dist. Sch. Bd. of Collier Cnty., Fla., No. 2:10–cv–419–FtM–36SPC. There, the consent decree made plain that "no [school board] decisionmaker c[ould] exercise discretion to deny access to the limited public forum on basis of viewpoint," but also granted the school board the authority to prohibit, in advance, certain materials for reasons other than the viewpoints expressed. That consent decree allowed prohibition of literature that: (i) promoted the use of alcohol, tobacco, or illegal drugs; (ii) advertised products or services for sale; (iii) was not appropriate for the age and maturity of high school students; (iv) was pornographic, obscene, or libelous; (v) violated intellectual property or privacy rights; (vi) advocated or was likely to incite imminent lawless action; or (vii) was likely to cause substantial disruption at the school despite the application of available discipline rules and procedures. Neither party to this case is a party to the Collier County Consent Decree, but the School Board maintains that the consent decree serves as a template for its evaluation of materials presented for distribution in a limited public forum.

viewpoints contained in those materials. The FFRF again requested that the School Board close the forum to all outside groups. On May 2, 2013, the FFRF passively distributed the approved materials to students at public schools within the defendant's district.

**B.     The Complaint**

On June 13, 2013, plaintiff FFRF filed this action against the defendant School Board, asserting that the School Board's actions violated the First and Fourteenth Amendments and were actionable under 42 U.S.C. § 1983. Specifically, Count 1 of the complaint alleged viewpoint discrimination and prior restraint in violation of the First Amendment. Count 2 alleged violation of the Equal Protection Clause given the School Board's relative treatment of materials provided by WCF. The complaint, in its request for relief, sought nominal damages, a declaratory judgment stating that the School Board violated the FFRF's constitutional rights, a declaratory judgment stating that the School Board cannot prohibit the FFRF from distributing their materials while permitting distribution of Bibles, and a permanent injunction ordering the School Board not to prohibit the FFRF's literature.

**C.     The Offer to Distribute**

On or about January 3, 2014, the defendant School Board <u>unconditionally</u> offered to allow plaintiff FFRF to distribute all the materials that the School Board

had previously prohibited. The School Board made clear that the FFRF would distribute materials at the same time and in the same manner as WCF. Although the FFRF was authorized to participate in the passive distribution forum, which occurred on January 16, 2014, the FFRF chose not to participate.

**D.    The Motion to Dismiss**

On March 17, 2014, the defendant School Board filed a motion to dismiss or, in the alternative, for summary judgment. The School Board argued that the decision to allow all previously prohibited materials rendered the FFRF's claims moot. Further, the School Board represented that it "does not plan to, in the future, change its position . . . ." The School Board attached an affidavit from John Palmerini, the School Board's associate general counsel. Palmerini averred that the January 3 notification letter granted the FFRF permission to passively distribute all of the previously prohibited materials and that the School Board "has no intention in the future to prohibit these materials."

On March 31, 2014, plaintiff FFRF responded to the motion to dismiss. The FFRF argued that the notification arrived too late for the FFRF to submit additional materials for review and that, regardless, the School Board had not changed its policy for review of submitted materials. The continuing prospect of review, in the FFRF's view, "chill[s]" its speech.

**E.    The District Court's First Order**

On July 3, 2014, the district court granted the defendant School Board's motion to dismiss. The district court dismissed plaintiff FFRF's claims for prospective relief without prejudice on the grounds that the subsequent acceptance by the School Board of the previously prohibited materials rendered the case moot. Specifically, the district court held that the FFRF had "not rebutted the presumption that [the School Board], as a government entity, will not reengage in the purportedly unconstitutional conduct that, to date, it has voluntarily ceased." The district court found that the School Board "unambiguously expressed its position that each of the materials Plaintiffs sought to distribute will be unconditionally allowed."

### F.     The District Court's Second Order

On July 14, 2014, the district court <u>sua sponte</u> dismissed without prejudice the remainder of plaintiff FFRF's claims for relief.  The district court held: the defendant School Board "has unconditionally allowed [the FFRF] to distribute all of the materials that they submitted to Defendant for prior approval."  Further, the district court wrote: "[t]o the extent Plaintiffs' claims are based on their concern that any materials they might submit in the future might not be screened in a constitutionally permissible manner, these claims are hypothetical and thus beyond the Court's limited subject matter jurisdiction."

The plaintiff FFRF timely appealed both of the district court orders.

## II.  STANDARD OF REVIEW

This Court reviews <u>de novo</u> a district court's determination of whether it has subject-matter jurisdiction.  <u>Gupta v. McGahey</u>, 709 F.3d 1062, 1064-65 (11th Cir. 2013).  Mootness is a question of law that we consider <u>de novo</u>.  See <u>United States v. Logal</u>, 106 F.3d 1547, 1551 (11th Cir. 1997).

## III.  DISCUSSION

Article III of the Constitution extends the jurisdiction of federal courts to only "cases" and "controversies."  <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 559, 112 S. Ct. 2130, 2136 (1992).  The case-or-controversy restriction imposes limits on justiciability.  <u>Strickland v. Alexander</u>, 772 F.3d 876, 882-83 (11th Cir. 2014).  One such limit is that we are without jurisdiction to decide moot questions.  <u>United States v. Sec'y, Florida Dep't of Corr.</u>, 778 F.3d 1223, 1226-27 (11th Cir. 2015).  The Constitution "requires that there be a live case or controversy at the time that a federal court decides the case; it is not enough that there may have been a live case or controversy when the case was filed."  <u>Tanner Adver. Grp., L.L.C. v. Fayette Cnty., Ga.</u>, 451 F.3d 777, 785 (11th Cir. 2006) (en banc) (internal quotation marks omitted).  "The doctrine of mootness provides that the requisite personal interest that must exist at the commencement of the litigation . . . must continue throughout its existence . . . ."  <u>Id.</u> (alterations and internal quotation marks omitted).

A case may be rendered moot as a result of a change in circumstances or a change in the law. Coral Springs St. Sys., Inc. v. City of Sunrise, 371 F.3d 1320, 1327 (11th Cir. 2004). Voluntary cessation of allegedly illegal conduct does not always make the case moot. Id. at 1328-29. "Because of the possibility that the defendant could merely return to his old ways, the test for mootness in cases such as this is a stringent one. . . . A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Sec'y of Labor v. Burger King Corp., 955 F.2d 681, 684 (11th Cir. 1992) (internal quotation marks omitted and alteration adopted).

Governmental actors, however, "have been given considerably more leeway than private parties in the presumption that they are unlikely to resume illegal activities." Coral Springs St. Sys., 371 F.3d at 1328–29. "[W]hen the defendant is not a private citizen but a government actor, there is a rebuttable presumption that the objectionable behavior will not recur." Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla., 382 F.3d 1276, 1283 (11th Cir. 2004). "When government laws or policies have been challenged, the Supreme Court has held almost uniformly that cessation of the challenged behavior moots the suit." Id. "The [Supreme] Court has rejected an assertion of mootness" in a voluntary cessation case "only when there is a substantial likelihood that the offending policy will be reinstated if the suit is terminated." Id. at 1283–84.

8

In this case, the defendant School Board has unambiguously expressed its position that each of the materials plaintiff FFRF sought to distribute will be unconditionally allowed.  Simply put, there is not a substantial likelihood that the defendant School Board will resume its allegedly wrongful behavior, the prohibition of the materials that FFRF sought to passively distribute.  Further, the plaintiff  FFRF was provided an opportunity to distribute all of the materials for which it had sought prior approval at the distribution event that occurred on January 16, 2014.  The fact that the FFRF chose not to participate in the January 14, 2014 event does not render the controversy live.[3]

In addition, plaintiff FFRF's claims about potential future prohibition are too speculative.  Of course, as the district court properly noted, if the School Board were to again prohibit the distribution of materials for the reasons alleged in the complaint, the FFRF would be free to reinstate its suit.  As we made clear in Jews for Jesus, Inc. v. Hillsborough County Aviation Authority:

> If [a defendant] cho[oses] to reinstate [its] restrictive policies—or adopt similar ones—the courthouse door is open to [plaintiff] to reinstate its lawsuit. Under such circumstances, the case would not be moot even if the [defendant] again revoked its policies in response to the lawsuit, because such "flip-flopping" would create a

---

[3]Nor does the FFRF's claim for nominal damages.  See DA Mortg., Inc. v. City of Miami Beach, 486 F.3d 1254, 1259 (11th Cir. 2007) ("Damage claims can save a § 1983 claim from mootness, but only where such claims allege compensatory damages or nominal damages for violations of procedural due process." (footnote omitted)).

> reasonable expectation that [defendant] would reinstate the challenged practice at the close of the lawsuit.

162 F.3d 627, 630 (11th Cir. 1998).

## IV. CONCLUSION

For the foregoing reasons, the district court properly dismissed the FFRF's claims as moot.[4]

**AFFIRMED.**

---

[4] After the district court's ruling, and while this appeal was pending, plaintiff FFRF filed a motion to supplement the record, which defendant School Board opposed. After review, we deny the motion to supplement the record.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Douglas J. Mincher
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 04, 2015

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 14-13399-CC
Case Style: Freedom From Religion Foundati, et al v. Orange County School Board
District Court Docket No: 6:13-cv-00922-GKS-KRS

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1.

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, each party to bear own costs.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joe Caruso, CC at (404) 335-6177.

Sincerely,

DOUGLAS J. MINCHER, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs